UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

FERNANDO CLARK,

        Plaintiff,

v.

UNKNOWN JUNCK et al.,

        Defendants.
_____/

Case No. 2:23-cv-119

Honorable Maarten Vermaat

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 3.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims for failure to state a claim and will dismiss Plaintiff's state law claims without prejudice because the Court declines to exercise supplemental jurisdiction over them.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following AMF food service workers: Unknown Junck, Unknown Harvick, and Unknown Maggaria.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that, on April 23, 2023, April 26, 2023, April 30, 2023, and May 10, 2023, Plaintiff was served food on unclean food trays. (Compl., ECF No. 1, PageID.2.) Plaintiff alleges that trays were "half clean," with food stuck to the sides from prior meals and had stains. (*Id.*) Plaintiff also alleges that utensils were not wrapped in paper towels, which Plaintiff claims would have prevented germ contamination, and, on one occasion, Plaintiff's spoon had "pieces of the tray stuck to it." (*Id.*) Lastly, Plaintiff claims that his food was not "edible for consumption" on May 10, 2023, as the "milk was spoiled and out of date." (*Id.*, PageID.3.) Plaintiff claims that he threw up and suffered diarrhea on April 25, 2023, and had an allergic reaction on May 4, 2023, for which Plaintiff received medical care. (*Id.*, PageID.2.)

Plaintiff claims that each Defendant was made aware of Plaintiff's complaints regarding the unclean trays and unwrapped utensils but did not correct the issues. (*Id.*, PageID.2–3.) When Plaintiff spoke to Defendant Maggaria about his complaints on or before May 10, 2023, Defendant Maggaria responded, "What do you want me to do, buy new trays with my money[?] [W]e use what we have." (*Id.*, PageID.3.) Plaintiff claims that his grievances were unanswered due to "possible interference" and the non-party grievance coordinator "not properly doing his or her job correctly." (*Id.*, PageID.3.)

Plaintiff seeks to bring claims against Defendants for violation of Plaintiff's right to "humane treatment," First Amendment retaliation, and violation of MDOC policy. (*Id.*) He requests nominal, compensatory, and punitive damages. (*Id.*, PageID.4.)

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      A.     **Eighth Amendment**

Plaintiff claims that Defendants provided Plaintiff with unclean and stained food trays, utensils not wrapped in paper towels, and, on one occasion, spoiled milk. He asserts that this is a

5

"violation of humane treatment" and Plaintiff's Eighth Amendment rights. (ECF No. 1, PageID.1, 3.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).

The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

To prevail on an Eighth Amendment claim, a prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying the deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying the

deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

A variety of courts have held that the occasional delivery of food on dirty food trays does not meet the objective component of an Eighth Amendment claim. *See, e.g.*, *Wilson v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992); *Foster v. Shouse*, No. 1:16-cv-1081, 2016 WL 6471094, at *3 (W.D. Mich. Nov. 2, 2016) (collecting cases); *Myers v. Aramark Food Servs.*, No. 15-1824-JDT-tmp, 2016 WL 4292639, at *4 (W.D. Tenn. Aug. 15, 2016) (holding that allegations that three instances of being served food on a dirty tray was insufficient to state an Eighth Amendment claim); *Islam v. Jackson*, 782 F. Supp. 1111, 1114-15 (E.D. Va. 1992) (serving one meal contaminated with maggots and serving meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion). In light of these authorities, Plaintiff's claim that he was served the occasional meal on a "half clean" tray, that utensils were not wrapped in paper towel, and that Plaintiff was served other meals on trays that were stained, does not meet the objective component of the deliberate-indifference standard.

As to Plaintiff's claim that he was served spoiled milk on May 10, 2023, courts have found that one incident of spoiled milk fails to state an Eighth Amendment claim. *See Odom v. Hiland,* Civil Action No. 5:13CV–P29–R, 2013 WL 4045367, at *5 (W.D.Ky. Aug.8, 2013) (concluding that one incident of being served spoiled milk does not rise to an Eighth Amendment claim); *see also Beene v. Rasseki,* No. 3:10–0285, 2010 WL 2196597, at 2, 7–8 (M.D.Tenn. May 27, 2010) (finding that prisoner's claim that he was served spoiled milk was not sufficient to state an Eighth Amendment claim); *Chavis v. Fairman,* 51 F.3d 275 (7th Cir.1995) (holding that occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs).

Finally, Plaintiff fails to allege facts suggesting that the named Defendants were subjectively aware of a serious risk to inmate health or safety arising from the condition of the trays, utensils, and, on one occasion, the milk. While Plaintiff claims that he became ill on one occasion and suffered an allergic reaction on another due to the condition of the trays and utensils, there are no allegations that the named Defendants were aware of Plaintiff's reactions or that they knew that Plaintiff's illness and allergies were caused by the condition of the trays and unwrapped utensils. The subjective component of the deliberate indifference test requires that Plaintiff plead facts that would show that the Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety caused by these conditions. Plaintiff's complaint is devoid of facts that would plausibly suggest the same. At best, Plaintiff's allegations suggest negligence, which falls short of demonstrating an Eighth Amendment violation. *Farmer*, 511 U.S. at 837. For each of the foregoing reasons, Plaintiff's allegations fail to support an Eighth Amendment claim.

### B.     First Amendment

Plaintiff also brings a claim for violation of his "1st Amendment right to exercise any grievance through grievance process without retaliation for petitioning the grievance." (ECF No. 1, PageID.3.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*. Moreover, a plaintiff must allege facts that would plausibly suggest that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

An inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018) The Court will assume for purposes of this opinion that Plaintiff's grievances and verbal complaints were nonfrivolous and that Plaintiff therefore has met the first element of the retaliation standard.

However, Plaintiff does not allege that Defendants took any affirmative adverse action against Plaintiff as a result of Plaintiff's complaints, and Plaintiff cannot state a retaliation claim simply because Defendants refused to respond to Plaintiff's grievances or to remedy the issues giving rise to Plaintiff's complaints. Many courts, including this one, have held that the denial or refusal to process a grievance is not an adverse action. *See, e.g.*, *Ross v. Westchester Cty. Jail*, No. 10 Civ. 3937(DLC), 2012 WL 86467, at *8 (S.D.N.Y. Jan. 11, 2012) (finding that the refusal to file a single grievance is, without more, insufficient to constitute an adverse action); *Stone v. Curtin*, No. 1:11-cv-820, 2011 WL 3879505, at *4 (W.D. Mich. Aug. 31, 2011) (concluding that the failure to process a prison grievance would not deter a prisoner of ordinary firmness from

9

exercising his right to file a grievance); *Green v. Caruso*, No. 1:10-cv-958, 2011 WL 1113392, at *10 (W.D. Mich. Mar. 24, 2011) (concluding that the denial of a prisoner's grievances was not sufficiently adverse to support a retaliation claim); *Burgos v. Canino*, 641 F. Supp. 2d 443, 454 (E.D. Pa. 2009), aff'd, 358 F. App'x 302 (3d Cir. 2009) (finding that the rejection or denial of prison grievances does constitute an adverse action for purposes of a retaliation claim).

The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. "The relevant question is whether the defendants' actions are '*capable* of deterring a person of ordinary firmness [from engaging in the protected conduct]'; there is no requirement that the plaintiff show actual deterrence." *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original) (quoting *Thaddeus-X*, 175 F.3d at 398).

Refusing to process a grievance or denying a grievance would not deter a person of ordinary firmness from engaging in protected conduct because it does not have any adverse consequences. Prisoners do not have a right to an effective grievance procedure,[2] and they suffer no consequences for filing a grievance that is not processed.

It is true that a prisoner must exhaust available administrative remedies before bringing a civil rights claim in court, *see* 42 U.S.C. § 1997e(a), but even assuming that any Defendant

---

[2] Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Plaintiff also cannot raise a Fourteenth Amendment claim based upon interference with the same.

improperly prevented Plaintiff from pursuing a particular grievance, Defendants could not have prevented Plaintiff from pursuing a civil rights claim based on an issue raised in that grievance. If Defendants thwarted Plaintiff's ability to use the grievances process, then the process was not "available" to Plaintiff for that claim, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 136 S. Ct. 1850, 1858–59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio*, 20 F. App'x 469, 470 (6th Cir. 2001). In short, Plaintiff fails to state a First Amendment retaliation claim against Defendants because Plaintiff does not allege that Defendants engaged in any action against Plaintiff that would deter a person from engaging in protected conduct.

## C.     Violation of MDOC Policy

Finally, Plaintiff claims that Defendants' actions violated MDOC Policy Directive 04.07.100. (ECF No. 1, PageID.3.) Section 1983, however, does not provide redress for violations of state law. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The only possible way a policy might enjoy constitutional protection would be through the Fourteenth Amendment's Due Process Clause.

To demonstrate a due process violation, a plaintiff must prove the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause; and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts have routinely recognized that a prisoner does not enjoy any federal protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*,

501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164. Plaintiff's allegations that Defendants violated MDOC policy, therefore, fail to raise any cognizable federal constitutional claim.

To the extent Plaintiff seeks to invoke this Court's supplemental jurisdiction over state law claims for violations of MDOC policy, this Court declines to do so. Ordinarily, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, because the Court will dismiss Plaintiff's federal claims against all Defendants, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state law claims will be dismissed without prejudice.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will dismiss Plaintiff's state law claims without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: July 31, 2023          /s/ *Maarten Vermaat*
                              Maarten Vermaat
                              United States Magistrate Judge